U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
FILED

OCT 2 3 2025

IN OPEN COURT
TAMMY H. DOWNS
By: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA    )
    )
v.    )    No. 4:23CR00276-02 BSM
    )
ANTOINEN DION HAMPTON    )

## PLEA AGREEMENT

The United States Attorney for the Eastern District of Arkansas, Jonathan D. Ross, by and through Amanda Fields, Assistant United States Attorney, and Antoinen Dion Hampton, the defendant, represented by the undersigned counsel, hereby agree to the following terms and conditions in connection with the above referenced proceedings.

1. **GUILTY PLEA:** The defendant will enter a plea of guilty to conspiracy to distribute a controlled substance, a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 846, as set forth in Count One of the Superseding Indictment, and conspiracy to commit money laundering, a violation of Title 18, United States Code, Section 1956(h), as set forth in Count 15 of the Superseding Indictment. The United States agrees to move for dismissal of the remaining counts (Counts 3 and 14) pending against the defendant in this matter upon acceptance of the guilty plea. This is a Federal Rule of Criminal Procedure 11(c)(1)(A) or (B) or (C) plea agreement.

2. **ELEMENTS OF THE CRIME:** The parties agree the elements of the offense to which the defendant will plead guilty are:

### Conspiracy to Distribute Controlled Substances – Count 1

    A.    Two or more persons reached an agreement or came to an understanding to distribute and possess with intent to distribute controlled substances;

USAO-EDAR-2025

B.      The defendant voluntarily and intentionally joined in the agreement or understanding either at the time it was first reached or at some later time while it was still in effect; and

C.      At the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

**Conspiracy to Commit Money Laundering – Count 15**

A.      Two or more persons entered into an agreement or understanding to commit money laundering, the object of which was to procure rental vehicles in Texas to be used to commit pharmacy burglaries in other states, which affected interstate commerce;

B.      The defendant joined the agreement when it was first reached or sometime while it was still in effect;

C.      The defendant knew the purpose of the agreement in that on or about April 7, 2022, the defendant procured a rental vehicle in his name that was used to commit burglaries of pharmacies in April 2022,  using funds that were proceeds derived from a conspiracy to distribute controlled substances, and the defendant knew the funds were proceeds derived from unlawful activity.

The defendant agrees that he is guilty of the offenses charged and that each of these elements is true.

3.      **PENALTIES:**

A.      <u>STATUTORY PENALTIES</u>: The penalty for the charge set forth in Count One is not more than 20 years' imprisonment, a fine of not more than $1,000,000, not less than three years' supervised release, and a $100 special assessment. The penalty for the charge set forth in Count 15 is not more than 20 years' imprisonment, a fine of not more than the greater of $500,000 or twice the value of the property involved, not more than three years' supervised release, and a $100 special assessment.

B.      <u>SUPERVISED RELEASE</u>: Supervised release is a period of time following imprisonment during which the defendant will be subject to various restrictions and requirements.

2

The defendant understands that if the defendant violates one or more of the conditions of any supervised release imposed, the defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4.      **WAIVERS**:   The defendant acknowledges that he has been advised of and fully understands the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. The defendant further understands that by entering into this Agreement and Addendum, he is waiving certain constitutional rights, including, without limitation, the following:

A.      The right to appeal or collaterally attack, to the full extent of the law, all non-jurisdictional issues, including any forfeiture or restitution order, as follows:

(1)      the defendant waives the right to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings, discovery, and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea, including the sentence imposed or any issues that relate to the establishment of the Guideline range, except that the defendant reserves the right to appeal claims of prosecutorial misconduct and the defendant reserves the limited right to appeal the substantive reasonableness of the sentence of imprisonment if the sentence is above the Guideline range that is established at sentencing and if the defendant makes a contemporaneous objection;

(2)      the defendant expressly acknowledges and agrees that the United States reserves its right to appeal the defendant's sentence under Title 18, United States Code, Section 3742(b) and *United States v. Booker*, 543 U.S. 220 (2005);

USAO-EDAR-2025

(3)      the defendant waives all rights to collaterally attack the conviction and sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct;

(4)      the defendant waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2);

(5)      the defendant waives the right to appeal the Court's determination of the amount of restitution and subsequent restitution order, if any; and

(6)      the defendant waives the right to appeal the Court's determination of any forfeiture issues and subsequent forfeiture order, if any.

B.      The right to plead not guilty or to persist in that plea if it has already been made, and the right to a speedy and public trial before a jury;

C.      The right to be presumed innocent and to have the burden of proof placed on the United States to establish guilt beyond a reasonable doubt;

D.      The right to confront and cross examine witnesses;

E.      The right to testify in his own behalf if the defendant so chooses, or, the right to remain silent and not be compelled to testify, and to have that choice not used against the defendant; and

F.      The right to call witnesses and to require those witnesses to appear by issuing subpoenas.

G.      Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), the defendant understands that upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4

5.    **STIPULATIONS:** The United States and the defendant stipulate to the following:

A.    The parties agree that the base offense level for Count One is determined by the quantity of controlled substances involved in the offense. The parties agree that the quantity of controlled substances as converted drug weight (CDW) involved in the offense is 1,736 kilograms, rendering a base offense level of 30 under U.S.S.G. § 2D1.1. However, nothing in this plea agreement shall prevent the base offense level and/or the defendant's criminal history category from being calculated under U.S.S.G. § 4B1.1 (Career Offender), if found to apply in this case.

B.    The parties agree that the base offense level for Count 15 (money laundering) should be calculated pursuant to U.S.S.G. § 2S1.1, including a two-level enhancement under U.S.S.G § 2S1.1(b)(2)(B).

C.    The parties agree that the total offense level for all offenses could increase a result of the application of the grouping and multi-count adjustment rules set forth in U.S.S.G. § 3D1.1 – 3D1.4.

D.    The defendant is eligible for a two-level reduction for acceptance of responsibility unless the defendant takes any action between the entry of the guilty plea and imposition of the sentence that is inconsistent with acceptance of responsibility, including illegal drug use. If the offense level is 16 or greater, the determination of whether the defendant is eligible for a third level reduction for acceptance of responsibility will be made by the United States at the time of sentencing.

E.    Neither party shall seek a variance from the recommended Guideline range at sentencing.

USAO-EDAR-2025

F.      The parties stipulate that no other enhancements or reductions under Section 2D1.1, 2S1.1, Chapter 3, or Chapter 5 of the Guidelines apply, other than those specifically set out in this Agreement and its Addendum.

G.      The defendant specifically waives any and all challenges to the searches, seizures, arrests, statements, and forfeitures that have taken place as of the date of the execution of this plea agreement by the defendant in this investigation by any entity, and in any forum where the offense may be pursued and/or forfeiture may be sought. The defendant will assist in executing any requested waiver of challenge and relinquishment of rights to any and all assets that have been seized to date in this investigation by any participating agency or department, in any forum where the forfeiture may be sought.

H.      The defendant stipulates that the following facts are true:

Beginning in or about 2021, the defendant, Antoinen Dion Hampton, along with others in the Houston, Texas, area, joined a scheme in which teams of individuals would rent vehicles and drive from Texas to other states, including areas within the Eastern District of Arkansas, for the purpose of committing pharmacy burglaries. The individuals would enter the pharmacies either by breaking a window, or by cutting into the pharmacy building from the outside wall or from an adjacent business. The individuals would "low-crawl" through the pharmacy to evade motion sensors and steal various stock bottles of Schedule II, III, IV, and V controlled substances. Thereafter, the individuals, including the defendant, would transport the stolen pharmaceuticals to Houston, Texas where they would be unlawfully distributed into the community. In addition, the defendant and others would sometimes fly via commercial airlines to distant locations, rent a vehicle, commit pharmacy burglaries as described above, and return with the stolen pharmaceuticals for distribution in Houston, Texas. During the numerous burglaries that took place

USAO-EDAR-2025

during this conspiracy, investigators determined that co-conspirators inside the pharmacy would remain on the telephone with an individual serving as a lookout as the burglary occurred.

On March 25, 2022, law enforcement officers from the Stuttgart, Arkansas, Police Department were dispatched to the Professional Pharmacy, located at 1515 Medical Drive, Stuttgart, Arkansas, regarding a commercial burglary report. Upon arrival, officers made contact with an employee of the pharmacy, who reported that he arrived to work at approximately 8:00 a.m. to discover the front glass door shattered, and evidence to suggest that someone attempted to break the back door of the building. Upon entry to the pharmacy, the employee noticed that a safe that held controlled substances, documents and cash was stolen. Surveillance video showed two men dressed in all black clothing and white shoes, wearing masks, attempt to break the back door glass before going to the front door and successfully breaking it. Both individuals entered the pharmacy through the broken front door and "low-crawl" on the floor towards the area where controlled substances were stored. A short time later, the suspects are seen on the camera rolling the previously-mentioned safe toward the broken front door. The suspects pushed the safe through the front door and across the parking lot to a getaway vehicle. Records maintained by the pharmacy indicated that approximately $20,000 worth of Schedule II controlled substances, including Adderall XR, Hydrocodone, Hydrocodone/Acetaminophen, Oxycodone, and Oxycodone/Acetaminophen, were among the pharmaceuticals stolen. The parties agree and stipulate that the controlled substances involved in this offense is 530 kilograms CDW.

Subsequently, on April 21, 2022, officers from the Trumann, Arkansas Police Department responded to the Express Rx Pharmacy, located at 329 North Highway 463 in Truman. Officers observed that the front glass window was destroyed, and that an individual gained entry into the cabinet where controlled substances were stored. Officers reviewed surveillance video, and

USAO-EDAR-2025

observed one individual crawl through the pharmacy on his stomach, making his way to the area where the controlled substances were stored. He filled a bag of the pills and left the same way he entered. The individual was wearing a mask, black pants, a black shirt, and a white undershirt. Surveillance footage from the exterior of the building showed a silver, Ford Flex, drive in front of the pharmacy, turn around, and drive back by the pharmacy before stopping for 20 seconds. Shortly after, the suspect left the store and ran to the south of the building. The vehicle was subsequently observed on Flock cameras, bearing Pennsylvania license plate number LCX 2972, which returns to Enterprise Rent-A-Car. Records indicate that the vehicle was rented by the defendant in Houston, Texas on April 7, 2022. An inventory taken by the pharmacy staff determined that 12,597 Schedule II controlled substances were missing, with an estimated loss of $27,382. The parties agree and stipulate that the controlled substances involved in this offense is 676 kilograms CDW.

Following the burglary, Diversion Investigators from the Drug Enforcement Administration obtained a Court Order for records and information pertaining to cellular telephone towers that serviced Professional Pharmacy, which showed that the phone number, 281-658-2414, utilized by the defendant, Antoinen Dion Hampton, was present on the cell towers in Stuttgart, Arkansas during the time of the burglary.

Subsequently, on May 5, 2022, the defendant was arrested in Louisiana for possession of Schedule II and IV controlled substances following a traffic stop near Millerville, Louisiana. During a search of the vehicle, officers located a laundry bag in the vehicle that contained a large number of stock bottles of controlled substances, which were linked to a pharmacy burglary that occurred in Bainbridge, Georgia earlier that morning.

Additionally, on June 8, 2023, Arkansas State Police (ASP) Sergeant Stephen Briggs conducted a traffic stop on a vehicle speeding, and made contact with the driver, Joshua Griffin,

and occupants of the vehicle, including the defendant. A canine positively alerted to the presence of narcotics on the vehicle. During a probable cause search of the vehicle, ASP Trooper Martin located a large pillowcase that contained numerous pharmaceutical pill bottles in the rear cargo area of the vehicle, which contained Schedule II – Schedule V controlled substances. Historical Cell Site Data, along with evidence obtained from the search of the vehicle, indicates that the controlled substances located in the vehicle were from burglaries of the following pharmacies: Balsam Pharmacy and We Care Pharmacy (June 4, 2023), Cain's Drug Store (June 7, 2023), and Williams Bros Health Care Pharmacy (June 8, 2023). The parties agree and stipulate that the controlled substances involved in these burglaries is 530 kilograms CDW. In total, the parties agree that the CDW attributable to the defendant in these burglaries is 1,736 kilograms.

Investigators have linked the defendant to pharmacy burglaries that have occurred in the following states:

| | |
|---|---|
| Arkansas: | Professional Pharmacy, Express Rx Pharmacy |
| Georgia: | Bainbridge Pharmacy, W.B. Drugs RX Drug Center, Haney's Drug Corner, Living Well Central Pharmacy, Huff's Drug Store, Lawrence Pharmacy, Jones Prescription Shop, Lacey's Marietta Pharmacy, Lee & Pickles Drug, Farmers Oconee, Living Well Express Pharmacy |
| Tennessee: | Smith County Drug Center, Preferred Pharmacy, Ripley Drugs, |
| S. Carolina: | Delta Pharmacy + Medical Supply |
| Utah: | Oquirrh Mountain Pharmacy, Cache Valley Pharmacy, Pinnacle Peak Pharmacy, Santaquin Pharmacy & Diabetes Center, Tremonton Pharmacy |
| Colorado: | Beattie's Health Mart Pharmacy |
| Florida: | Buy Rite Drugs #6, Jupiter Drug, Ethos Pharmacy, Community Health NW Florida, Medwise Pharmacy, Prescription Pad Pharmacy, Sun Pharmacy of Venice, Pill Box Pharmacy |
| Idaho: | The Pharmacy on Hiland |

USAO-EDAR-2025

| | |
|---|---|
| Illinois: | Balsam Pharmacy, Inc., Hampshire Pharmacy, Primary Pharmacy, Doctor's RX, William Bros Health Care Pharmacy, Cain's Pharmacy |
| Indiana: | Blue River Pharmacy, Hanger Drugs, We Care Pharmacy |
| Kansas: | Haag Pharmacy |
| Kentucky: | Med-Save Boyd, Ruwe Family Pharmacy |
| Louisiana: | Acadiana Prescription Shop, Rayne Pharmacy |
| Michigan: | Sixth Street Drug, Inc. |
| N. Carolina: | Boone Drug + Healthcare, Tarheel Town Pharmacy, Tarheel Pharmacy, Drug Co. Discount Pharmacy, Village Pharmacy of Wake Forest, North Village Pharmacy |
| Ohio: | Healing Springs Pharmacy |
| Virginia: | Stuarts Draft Family Pharmacy |
| Wyoming: | North Star Pharmacy, City Drug, Pole Mountain Pharmacy, City Drug of Bridger Valley. |

I.    The parties understand that the Court is not bound by these stipulations. The defendant further understands that if the Court does not accept this Plea Agreement, then the defendant is not entitled to withdraw the guilty plea or otherwise be released from the defendant's obligations under this Agreement and Addendum.

6.    **SENTENCING GUIDELINES:**  It is specifically understood by the defendant that the Sentencing Guidelines are not mandatory but are advisory, and that the Court is to consult them in determining the appropriate sentence. The defendant understands that the determination of the applicability of the Guidelines and of the appropriate sentence will be made by the Court. The defendant is aware that any estimate of the probable sentencing range under the Sentencing Guidelines that the defendant may have received from the defendant's counsel, the United States,

USAO-EDAR-2025

or the Probation Office, is merely a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive and the defendant cannot withdraw a guilty plea, or otherwise avoid the defendant's obligations under this Agreement and Addendum, based upon the actual sentence imposed by the Court. The parties understand and agree that if the guideline range is greater or less than the defendant or the United States expected it to be, and/or the sentence imposed by the Court is greater or lesser than anticipated, neither the defendant nor the United States will be allowed to withdraw, nor request withdrawal of, the guilty plea, nor be excused from any obligation under this Agreement and Addendum.

7. **ALLOCUTION:**  The United States reserves the right to bring any and all facts which it believes are appropriate to the attention of the Court.

8. **COOPERATION IN THE SENTENCING PROCESS:**

A. The defendant agrees to truthfully provide all information to the Probation Office as is needed for preparation of the pre-sentence report, including, but not limited to, criminal history information. The defendant shall voluntarily provide a complete and truthful written accounting of the defendant's criminal history to the Probation Office.

B. The defendant agrees to execute all waivers necessary for the preparation of the pre-sentence report.

C. The defendant understands and acknowledges that the defendant's obligation of disclosure regarding criminal history is not limited to arrests and convictions reported in computer databases, but also requires the defendant to disclose all arrests and/or convictions, including any juvenile matters, regardless of whether the defendant believes the arrest/conviction counts under the Sentencing Guidelines.

D.      The defendant is required to comply with these obligations no later than the expiration of the date on which objections to the pre-sentence report are due.

9.      **FINANCIAL MATTERS:**

A.      <u>FINANCIAL STATEMENT</u>:   The defendant agrees to fully and truthfully complete a Financial Statement provided by the United States Probation Office.

B.      <u>GENERAL</u>:   The defendant agrees that, unless the Court specifically states otherwise, any restitution, fine, or forfeiture imposed by the Court in this case will be due and payable immediately and, therefore, the defendant consents to immediate enforcement by the United States by any means, including enforcement under Title 18, United States Code, Section 3613, and the Treasury Offset Program. If the Court imposes a payment schedule, then the defendant agrees that the schedule will represent a minimum payment obligation and does not preclude the United States from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligations. The defendant also understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. Further, the defendant understands and agrees that, under Title 11, United States Code, Section 523(a)(7) and other pertinent bankruptcy laws, any restitution, fine, or forfeiture imposed by the Court cannot be discharged in bankruptcy; accordingly, the defendant agrees not to attempt to discharge these obligations in any current or subsequent bankruptcy proceeding.

C.      <u>FINES</u>:   The defendant understands that unless the Court determines that the defendant is financially unable to pay a fine, the Court must impose a fine pursuant to the Sentencing Reform Act of 1984.

USAO-EDAR-2025

D.  SPECIAL PENALTY ASSESSMENT:  The defendant agrees to pay to the United States a special assessment of $100 per count, as required by Title 18, United States Code, Section 3013. This special assessment is to be paid by bank cashier's check or money order as directed by the Court prior to appearing for sentencing. Cashier's checks or money orders should be made payable to "Clerk, United States District Court." The defendant agrees to provide a receipt as evidence of fulfillment of this obligation at the time of sentencing.

E.  RESTITUTION:      The defendant agrees to the entry of an order of restitution pursuant to Title 18, United States Code, Section 3663. The defendant agrees to the entry of an order of restitution for the full amount of the victims' losses, regardless of whether charges relating to such losses will be excluded or dismissed as part of this plea agreement. The defendant agrees that any financial obligation imposed by the Court, including a restitution order and/or implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The United States and the defendant agree that the amount of restitution shall be determined by the Court at the time of sentencing.

The defendant agrees that the restitution shall be joint and several with the co-defendants in this case.

10.  **DOUBLE JEOPARDY AND SUCCESSIVE PROSECUTION**:  The United States Attorney for the Eastern District of Arkansas will bring no further charges against the

USAO-EDAR-2025

defendant for any acts or conduct arising out of the events described in the Superseding Indictment which is the subject of this action, unless the defendant breaches this Agreement and Addendum.

11.    **RECORDS:**   The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12.    **ASSET FORFEITURE:** The parties agree that there is no property to forfeit in this case.

13.    **CIVIL CLAIMS BY THE GOVERNMENT:**   Except to the extent otherwise expressly specified herein, this Agreement and Addendum does not bar or compromise any civil or administrative claim pending or that may be made against the defendant, including but not limited to tax matters.

14.    **EFFECT OF THE DEFENDANT'S BREACH OF PLEA AGREEMENT AND ADDENDUM:**

A.    The defendant acknowledges and understands that if the defendant violates any term of this Agreement and Addendum, engages in any further criminal activity prior to sentencing, or fails to appear for any subsequent proceeding including sentencing, then the United States shall have, in addition to all other rights and remedies otherwise available, the right to:

(1)    terminate this Agreement and Addendum; or

(2)    proceed with this Agreement and Addendum and

(a)    deny any and all benefits to which the defendant would otherwise be entitled under the terms of this Agreement and Addendum; and/or

14

(b)    advocate for any sentencing enhancement that may be appropriate.

B.    In the event the United States elects to terminate this Agreement and Addendum, the United States shall be released from any and all obligations hereunder. The defendant acknowledges and understands that the agreement of the United States to dismiss any charge is conditioned upon final resolution of this matter. If this Agreement and Addendum is terminated or if the defendant's conviction ultimately is overturned, then the United States retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this Agreement and Addendum.

C.    The defendant hereby knowingly and voluntarily waives any defense based upon the applicable statute of limitations and/or the Speedy Trial Act, for any charges reinstated or otherwise filed against the defendant as a result of defendant's breach of this Agreement and Addendum, so long as the United States initiates any otherwise time barred action within one year of termination or revocation of this Agreement and Addendum.

D.    In the event that the Agreement and Addendum is terminated or if the defendant successfully moves to withdraw his plea, any statement made by the defendant in negotiation of, or in reliance on this Agreement and Addendum, including any statements made in the course of a proffer, this Agreement, the stipulations in paragraph 5 of this Agreement, and the plea colloquy:

(1)    may be used in the United States' case in chief and to cross examine the defendant should he testify in any subsequent proceeding; and/or

(2)    any leads derived therefrom may be used by the United States.

15

The defendant waives any and all rights to the contrary and shall assert no claim under the United States Constitution, any statute, or any rule of procedure or evidence to the contrary, including Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f). The defendant has been advised of his rights pursuant to Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) and waives these rights.

15.     **PARTIES:**   This Agreement and Addendum is binding only upon the United States Attorney's Office for the Eastern District of Arkansas and the defendant. It does not bind any United States Attorney outside the Eastern District of Arkansas, nor does it bind any other federal, state, or local prosecuting, administrative, or regulatory authority.

16.     **MISCELLANEOUS:**

A.     MODIFICATION:   No term or provision contained herein may be modified, amended, or waived except by express written agreement signed by the party to be bound thereby.

B.     HEADINGS AND CAPTIONS:   Subject headings and captions are included herein for convenience purposes only and shall not affect the interpretation of this Agreement and Addendum.

C.     WAIVER:   No waiver of a breach of any term or provision of this Agreement and Addendum shall operate or be construed as a waiver of any subsequent breach or limit or restrict any other right or remedy otherwise available. Any waiver must be expressly stated in writing signed by the party to be bound thereby.

D.     RIGHTS AND REMEDIES CUMULATIVE:   The rights and remedies of the United States expressed herein upon any breach hereunder by the defendant are cumulative

USAO-EDAR-2025

and not exclusive of any rights and remedies otherwise available to the United States in the event of any breach of this Agreement and Addendum by the defendant.

      E.    <u>JOINT NEGOTIATION</u>:  This Agreement and Addendum has been mutually negotiated by the parties hereto, and any uncertainty or ambiguity existing herein shall not be interpreted against any party by reason of its drafting of this Agreement and Addendum, but instead shall be interpreted according to the application of the general rules of interpretation for arms-length agreements.

      17.   **<u>NO OTHER TERMS</u>:**  This document and the Addendum completely reflect all promises, agreements and conditions made between the parties, constitute the entire agreement between the parties and supersedes any and all prior agreements or understandings between the parties, oral or written, with respect to the subject matter hereof.

      18.   **<u>APPROVALS AND SIGNATURES</u>:**

      A.    <u>DEFENDANT</u>:  The defendant has read this Agreement and Addendum and carefully reviewed every part of it with his attorney. The defendant understands and voluntarily agrees to the terms and conditions of this Agreement and Addendum. Further, the defendant has consulted with his attorney and fully understands his rights with respect to the provisions of the United States Sentencing Guidelines which may apply to this case. No other promises or inducements have been made to the defendant, other than those expressly contained in this Agreement and Addendum. In addition, no one has threatened or forced the defendant in any way to enter into this Agreement and Addendum. The defendant further acknowledges that the defendant has entered into this Agreement and Addendum, consciously and deliberately, by the defendant's free choice, and without duress, undue influence or otherwise being forced or compelled to do so, and this Agreement and Addendum constitutes the legal, valid and binding

USAO-EDAR-2025

obligation of the defendant, fully enforceable against defendant in accordance with its terms. Finally, the defendant is satisfied with the representation of his attorney in this case.

       B.   <u>DEFENSE COUNSEL</u>:  Defense counsel acknowledges that she is the attorney for the defendant, and that she has fully and carefully discussed every part of this Agreement and Addendum with the defendant. Further, defense counsel has fully and carefully advised the defendant of the defendant's rights, of possible defenses, and of the consequences of entering into this Agreement and Addendum, including the possible consequences of not complying with this Agreement and Addendum. To counsel's knowledge, the defendant's decision to enter into this Agreement and Addendum is an informed and voluntary decision.

[END OF TEXT. SIGNATURE PAGE ATTACHED.]

USAO-EDAR-2025

DATED this __23rd__ day of __October__, 2025.

JONATHAN D. ROSS
United States Attorney


By: AMANDA FIELDS
Assistant United States Attorney
Bar No. 2009078
Post Office Box 1229
Little Rock, Arkansas 72203
(501) 340-2600
Amanda.Fields@usdoj.gov


ANTOINEN DION HAMPTON
Defendant


BROOKS WIGGINS
Attorney for Defendant

19

USAO-EDAR-2025